UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Charmaine Toney-Adkins,<br><br>　　Plaintiff,<br><br>v.<br><br>Pioneer Credit Recovery, Inc.<br>c/o Illinois Corporation Service Co.<br>801 Adlai Stevenson Drive<br>Springfield, IL 62703,<br><br>　　　　　　　　Defendant. | Case No.<br><br><br><br>**COMPLAINT**<br><br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the õDebtö).

4- Plaintiff is a resident of the State of Indiana.

5- Defendant is a corporation with its principal office in the State of New York.

6- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

7- Defendant regularly attempts to collects, or attempts to collect, debts owed or due another.

8- At all times relevant, Defendant owned the Debt or was retained to collect the Debt.

## FACTS COMMON TO ALL COUNTS

9- In or around April 2017, Defendant contacted Plaintiff to collect the Debt.

10- During this communication, Plaintiff notified Defendant that she had retained an attorney and was planning to file a Chapter 13 bankruptcy.

11- Despite having notice of Plaintiff's representation, Defendant telephoned Plaintiff several times thereafter to collect the Debt.

12- Despite having notice of Plaintiff's representation, Defendant telephoned Plaintiff's ex-husband several times.

13- During at least one of these communications, Defendant disclosed its identity to Plaintiff's ex-husband.

14- Despite having notice of Plaintiff's representation, Defendant telephoned Earnestine Martin several times.

15- During at least one of these communications, Defendant disclosed its identity to Earnestine Martin.

16- Despite having notice of Plaintiff's representation, Defendant telephoned Karen Etti several times.

17- During at least one of these communications, Defendant disclosed its identity to Karen Etti.

18- Despite having notice of Plaintiff's representation, Defendant telephoned Kenhassa Martin several times.

19- During at least one of these communications, Defendant disclosed its identity to Kenhassa Martin.

20- Defendant damaged Plaintiff.

21- Defendant violated the FDCPA.

## COUNT I

22- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

23- Defendant violated 15 USC § 1692b(a) by disclosing the existence, nature, and/or amount of the Debt to a person other than Plaintiff.

## COUNT II

24- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

25- Defendant violated 15 USC § 1692b(a) by disclosing its identity to a person other than Plaintiff.

## COUNT III

26- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

27- Defendant violated 15 USC § 1692b(2) by using false representations and/or deceptive means to collect, or attempt to collect, the Debt.

## COUNT III

28- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

29- Defendant violated 15 USC § 1692b(3) by communicating with a third party more than once.

## COUNT IV

30- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

31- Defendant violated 15 USC § 1692b(6) by communicating with a third party after having notice that Plaintiff was represented by an attorney.

## COUNT V

32- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

33- Defendant violated 15 USC § 1692c(a)(2) by communicating with Plaintiff after having notice that Plaintiff was represented by an attorney.

## JURY DEMAND

34- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

35- Plaintiff prays for the following relief:

   a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

   b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

   c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3);

   d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
401 N. Michigan Ave, Suite 1200
Chicago, IL 60611
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*